Revised 03/06 WDNY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

### FORM TO BE USED IN FILING A CIVIL COMPLAINT IN FEDERAL COURT
### (Non-Prisoner Context)



All material filed in this Court is now available via the **INTERNET**.  See **Pro Se Privacy Notice** for further information.

## 1. CAPTION OF ACTION

**19    C V 1569**

**A.    Full Name of Plaintiff: NOTE:** *If more than one plaintiff files this action and seeks in forma pauperis status, **each plaintiff** must submit an in forma pauperis application or the only plaintiff to be considered will be the plaintiff who filed an application.*

JOHN W. HARRIS

-vs-

**B.    Full Name(s) of Defendant(s) NOTE:** *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant.  Add a separate sheet, if necessary.*

| | | | |
|---|---|---|---|
| 1. | RONALD AMMERMAN | 4. | ERIN M. PERADOTTO |
| 2. | PETER J. MARCHE | 5. | JONATHAN LIPPMAN |
| 3. | KENNETH F. CASE | 6. | MARK R. MCNAMARA |
| | | 7. | NANCY E. SMITH |

## 2. STATEMENT OF JURISDICTION, VENUE and NATURE OF SUIT
### All of these sections *MUST* be answered

*Identify the basis for federal Court jurisdiction over your claim, such as that the United States government is a party to the action, all the parties reside in different states and therefore you claim diversity jurisdiction, or the claim presents a federal question or arises under federal law.*

A. Basis of Jurisdiction in Federal Court:    State of New York, City of Buffalo, County of    Erie....

*State why the Western District of New York is the proper venue for this action, such as that your claim arises in or the defendant resides in the 17 westernmost counties of New York State.*

B. Reason for Venue in the Western District:    Defendant's, resides in the 17th, Westernmost    Counties of New York State....

*Identify the nature of this action, such as that it is a civil rights claim, a personal injury or personal property (tort) claim, a property rights claim, or whatever it is.*

C. Nature of Suit:    Violation's of Plaintiff,Fifth amendment: Right to DUE PROCESS of LAW; Eighth amendment: Nor CRUEL and UNUSUAL PUNISHMENTS; Thirteeth amendment: SLAVERY ABOLISHED; Fourteeth amendment: EQUAL PROTECTION

## 3. PARTIES TO THIS ACTION

Name of Fourth Defendant: Erin M. Peradotto...
Official Position of Defendant: Associate Justice.
Address of Defendant: Appellate Division, Fourth Judicial Department
50 East avenue, suite 200, Rochester, New York 14604.

Name of Fifth Defendant: Jonathan Lippman...
Official Position of Defendant: Chief Justice.
Address of Defendant: Court of Appeals Hall, 20 Eagle Street, Albany,
New York 12207-1095.

Name of Sixth  Defendant: Mark R. Mcnamara...
Official Position of Defendant: Chair Person, Attorney Grievance
Committee.
Address of Defendant: 438 Main Street, suite 800, Buffalo, New York
14202-3212.

Name of Seventh Defendant: Nancy E. Smith...
Official Position of Defendant: Senior Associate Justice.
Address of Defendant: Appellate Division, Fourth Judicial Department
50 East avenue, suite 200, Rochester, New York 14604.

(2)

### 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION  NOTE:** *To list additional plaintiffs, use this format on another sheet of paper.*

Name of First Plaintiff:  John W. Harris

Present Address:  264 May Street, Buffalo, New York 14211

Name of Second Plaintiff:

Present Address:

**DEFENDANT'S INFORMATION  NOTE:** *To list additional defendants, use this format on another sheet of paper.*

Name of First Defendant: Ronald Ammerman, Buffalo, New York

Official Position of Defendant (if relevant):  Police Officer

Address of Defendant:  Buffalo Police Department

Name of Second Defendant:  Peter J. Marche

Official Position of Defendant (if relevant): was the Asst. District Attorney

Address of Defendant: District Attorney's Office

25 Delaware avenue, Buffalo, New York 14202

Name of Third Defendant: Judge Kenneth F. Case,

Official Position of Defendant (if relevant): Judge Erie County

Address of Defendant: Supreme Court of the State of New York..92 Franklin street

Buffalo, New York 14202

### 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

A.  Have you begun any other lawsuits in **state or federal court** dealing with **the same facts involved in this action**?

Yes_____  No _X_

If Yes, complete the next section.  NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1.  Name(s) of the parties to this other lawsuit:

Plaintiff(s):

Defendant(s): _____

_____

2.    Court (if federal court, name the district; if state court, name the county): _____

_____

3.    Docket or Index Number: _____

4.    Name of Judge to whom case was assigned: _____

5.    The approximate date the action was filed: _____

6.    What was the disposition of the case?

        Is it still pending? Yes_____ No_____

           If not, give the approximate date it was resolved. _____

        Disposition (check those statements which apply):

     _____ Dismissed (check the statement which indicates why it was dismissed):

          _____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

          _____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

          _____ By court due to your voluntary withdrawal of claim;

     _____ Judgment upon motion or after trial entered for

        _____ plaintiff

        _____ defendant.

## 5. STATEMENT OF CLAIM

**Please note** that it is not enough to just list the ground(s) for your action. You **must** include a statement of the facts which you believe support each of your claims. In other words, just tell the story of what happened and do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995).

**Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

**A. FIRST CLAIM:** On (*date of the incident*)   From the year 2011 throughout to 2019 ,
defendant (give the **name and (if relevant) the position held** of **each defendant** involved in this incident) All of the
above Defendant's, has acted inconcert to following violation's of the
United States Constitutional Rights.

did the following to me (*briefly state what each defendant named above did*): A.) 42 U.S.C.A. 1981, Equal Right Under the Law/ B.) 42 U.S.C.A. 1983, Civil Action for Deprivation of Rights/ C.) 42 U.S.C.A. 1985, Conspiracy to interfere with Civil Rights/ D.) 42 U.S.C.A. 1986, Action for Neglect to prevent/ E.) 18 U.S.C. A. 241, Conspiracy against Rights/ F.) 18 U.S.C.A. 242, Deprivation of Rights under Color of Law....

The federal basis for this claim is: Violation's of the Plaintiff's, United States Constitutional Rights...

State briefly **exactly** what you want the Court to do for you. *Make no legal arguments and cite no cases or statutes*: To allow this Action to Move forward to an open COURT HEARING so that the Plaintiff could manifest that the Defendant's has violated his Right's by acting inconcert to CORRUPTION and CONSPIRACY with the Document's that do manifest the fact's: See Plaintiff's BRIEF and EXHIBIT's insupport inclosed

**B. SECOND CLAIM:** On (*date of the incident*) _____,
defendant (*give the name and (if relevant) position held of each defendant* involved in this incident) _____

_____

_____

did the following to me (*briefly state what each defendant named above did*): _____

_____

_____

_____

_____

_____

_____

The federal basis for this claim is: _____

State briefly **exactly** what you want the Court to do for you. *Make no legal arguments and cite no cases or statutes*:

_____

_____

_____

**If you have additional claims, use the above format to set them out on additional sheets of paper.**

### 6. SUMMARY OF RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

For all of the above Defendant's for acting Inconcert to Corruption, Conspiracy to Violate the Plaintiff's, CONSTITUTIONAL RIGHTS to Pay the sum of One Hundred Million Dollars for the following Violation's : Fifth amend; Eighth amend; Thirteeth amend and Fourteeth amend and the Mental Stress, Health, Anger, Pain, Suffering, and Inhuman Treatment....

Do you want a **jury trial**? Yes_____ No **X**

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on *November 19th 2019*
        (date)

**NOTE:** *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

Signature(s) of Plaintiff(s)

5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

John W. Harris

        Plaintiff,

   -vs-

Ronald Ammerman
Peter J. Marche
Kenneth F. Case
Erin M. Peradotto
Jonathan Lippman
Mark R. McNamara
Nancy E. Smith

        Defendant's

Brief Insupport

of

Complaint

for

Civil Action

I John W. Harris, being duly sworn, depose and say that:

1.) Iam the Plaintiff, in the above titled Complaint.

2.) I make this Brief Insupport of the Civil Complaint in Federal Court on the Violation's of the UNITED STATES CONSTITUTIONAL RIGHTS as follow:

A.) Fifth amendment: No Person shall...be Deprived of LIFE, LIBERTY or PROPERTY, without DUE PROCESS of LAW....

B.) Eighth amendment: CRUEL and UNUSUAL PUNISHMENT....

C.) Thirteeth amendment: SLAVERY ABOLISHED....

D.) Fourteeth amendment: Equal Protection and DUE PROCESS; Nor shall any STATE Deprive any Person of LIFE, LIBERTY or PROPERTY without DUE PROCESS of LAW, Nor DENY to any Person within its JURISDICTION the Equal Protection of the LAWS....

Conspiracies to Violate Civil Rights 1983, Conspiracy Claims: In Hampton v. Hanraham, the COURT defined a Civil Rights Conspiracy as follow: A Civil Conspiracy is a Combination of TWO or MORE PERSON ACTING INCONCERT to Commit an Imdividual Act, or to Commit a LAWFUL ACT by UNLAWFUL means, the Principal "ELEMENT" of which is an Agreement between the Parties to "INFLICT a WRONG against or INJURY upon ANOTHER", and "An Overt Act that RESULTS in DAMAGE".

(1)

In Order to PROVE the Existence of a CIVIL CONSPIRACY a Plaintiff is not required to provide direct evidence of the agreement between the conspirators; Clircumstantial evidence may provide adequate proof of conspiracy....

Plaintiff, do have the evidence and supporting Laws that manifest conspiracy to interfere with Civil Rights 42 U.S.C.A. 1985....

On or about September 14th, 2011, Plaintiff, was in Court to "WAIVE", his "RIGHT" to C.L.P. 190.80, so that DNA-TESTING, could be conducted on an Allege WEAPON FOUNDED in a FIELD and NOT ON the Plaintiff in doing it was "ORDER" by the Court that "NO-PROCEEDINGS", are to TAKE PLACE until the "RESULTS" of the DNA-TESTING is KNOWN by the COURT, so that it COULD MAKE the NEXT RULING.

It was ORDER that all Parties is to have the knowledge of the DNA-RESULTS, before any PROCEEDINGS are to take place and that did mean NO GRAND JURY PROCEEDING as well until the Court has given its RULING on the Out-Come of the DNA-RESULTS.

The Defendant, Peter J. Marche, the Asst. District Attorney on the case, did in FACT "DISOBEY" the above Court ORDER. On or about November 16th, 2011, he did have the DNA-RESULTS, that came back as "NEGATIVE".

On or about November 21st, 2011, he did go Right to the ERIE COUNTY GRAND JURY, with the case against the Plaintiff, and having the knowledge of the Court ORDER of September 14th, 2011, and having the knowledge of the DNA-RESULTS being that of "NEGATIVE", he did allow FALSE, UNRELIABLE, UNTRUE, and PERJURY TESTIMONY to go through the ERIE COUNTY GRAND JURY.

He did also allow the People First Witness Officer Ronald Ammerman the arresting Officer, Lie cause Perjury to go through at the ERIE COUNTY GRAND JURY, and did infact supported the Lie/Perjury of the Officer. See Exhibit mark # A, Grand Jury Transcripts.

After having the Illegal Indictment handed-up against the Plaintiff, he did have the Plaintiff, arraignment upon the Indictment

(2)

on or about December 7th, 2011, infront of Judge Number Two, NOT the Judge who gave the ORDER of September 14th, 2011, that NO-PROCEEDINGS was to take place until the DNA-RESULTS are to be known by the first Judge, who did give the ORDER, but it did NOT HAPPEN.

Plaintiff and his Attorney, did not find out about the DNA-RESULTS until the Illegal Arraignment upon the Illegal Indictment on or about December 7th, 2011, NOT on November 16th, 2011, when the RESULTS was done.

See Exhibit mark # B, DNA-RESULTS, dated: November 16th, 2011....

The start of the Illegal Trial took place November 27nd, 2012  and Judge Number Three came into Play at this time. The Defendant Kenneth F. Case, who REFUSE to Up-Hold-Justice, and to SEE that it was being DONE. He did go right along with the Defendant  Peter J. Marche, wherefore both did Act Inconcert to CORRUPTION and CONSPIRACY to VIOLATE Plaintiff's, CIVIL RIGHTS.

Whereas an Illegal Trial did take place after all of Plaintiff's, and his Attorney, argument's on the "FACT'S, LAW'S, and EXHIBIT'S, and MOTION'S after MOTION'S submitted to Dismiss the Illegal Indictment, but it did NOT HAPPEN.

The FACT of the DNA-RESULTS being that of "NEGATIVE", was ENOUGH to have had the Indictment dismiss. See Exhibit mark # B, dated: November 16th, 2011.

All of Plaintiff's, Motion's that was submitted before the Defendant Kenneth F. Case, as follow:

A.) Order to Show Cause, Pursuant to U.S.C.A., amendment's # 6, # 8, # 13th, and # 14th, dated: October 20th, 2011....

B.) Notice of Motion to dismiss indictment, Pursuant to C.P.L. 210.20, dated: January 16th, 2012....

C.) Notice of Motion to dismiss indictment, Pursuant to C.P.L. 210.20, dated: January 19th, 2012....

D.) Notice of Motion to dismiss indictment, Pursuant to C.P.L. 210.20,dated: March 27nd, 2012....

E.) Notice of Motion, Pursuant to C.P.L. 330.30, dated: December 5th, 2012....

All of Plaintiff's, Motion's was "DENY", with all of the "FACT'S", "STATUT'S", "LAW'S", "EXHIBIT'S", both Defendant's, did "CONSPIRE" to "VIOLATE", Plaintiff's Constitutional Right's.

The Defendant, still REFUSE to Up-Hold-Justice, and DISMISS the Illegal Indictment, and KNOWING without ANY DOUBT that he did NOT have the "JURISDICTION", to hold a TRIAL against Plaintiff, under the Illegal Indictment that was Handed-Up against Plaintiff, that was and is FOUNDED on "FALSE", "UNRELIABLE", "UNTRUE", and "MISLEADING" "EVIDENCE" as well with "LIE'S" and "PERJURY".

Here is a list of some of the supporting Case's use in Plaintiff's Motion's to have the Indictment to be dismiss, but yet the Defendant Kenneth F. Case, REFUSE to Up-Hold-Justice, and to see that it was done.

1.) People v. Pelchat, 476 N.Y.S.2d 79....

2.) U.S. v. Basurto, 497 F.2d 781....

3.) Brady v. Maryland, 373 U.S. 83, 83 S.ct. 1194....

4.) People v. Savvides, 154 N.Y.S.2d 885....

5.) People v. Llewelyn, 518 N.Y.S.2d 881....

Plaintiff, do have all Document's to back-up and support all within this Claim (Complaint). At this time Plaintiff, is only enclosing some of them.

The DNA-RESULTS, was done on or about November 16th, 2011, See Exhibit mark # B, the "WAIVER" for the DNA-Testing was done on September 14th, 2011, it was ORDER that NO-PROCEEDINGS are to take place until the DNA-RESULTS are done and back within the Court that ORDER the DNA-TESTING

(4)

to be done.

See Exhibit mark # C, Letter to the Attorney upon the Plaintiff's case at that time, but he did recuse himself from the Case after the Illegal Indictment was handed-up against the Plaintiff, on or about December 7th, 2011. Letter dated: November 7th, 2011, from the Defendant Peter J. Marche, it is stated as follow:

As you know, I have been assigned to the above-captioned case. Please be advised pursuant to C.P.L. 190.50 that during the week of "November 14th, 2011, the ERIE COUNTY GRAND JURY will hear testimony concerning this matter"....

Now look at the date: of the DNA-RESULTS....

Look at Exhibit mark # A, Grand Jury Transcripts dated: November 21st, 2011, Page's # 6 and # 7, as the Defendant Ronald Ammerman, gave testimony, page # 6, as to the following:

Q. I'm going to show you what's been marked Grand Jury Exhibit # 1, do you recognize that ?

A. Yes, that is JOHN HARRIS, whose birth date is 7/27/1949. I found that out because he had a previous go to page # 7: Conviction for a "GUN".

Now on Page # 7: Defendant Peter J. Marche/Q. I'll instruct you, the previous record of the defendant in this case is relevant as it relates to one of the charges.

Now go to Exhibit mark # D, N.Y.S. Criminal History Information dated: August 8th, 2011, where it is Total Convictions: FIREARM "0" The Plaintiff, have NEVER BEEN CONVICTED OF A "FIREARM (GUN)....

Now go to Exhibit mark # E, ORDER ECDA File no: 01761-2011, dated: October 24th, 2011, where it is an Order of this Court be issued compelling defendant JOHN HARRIS, to submit to the taking of a buccal swab or a blood sample.

Now it is well understood that defendant (Plaintiff) John Harris, did "WAIVE", his "RIGHT" to C.P.L. 190.80 so that the DNA-TESTING could be taken on the Allege Weapon that was FOUNDED in a FIELD, which did STOP the CLOCK for any GRAND JURY PROCEEDING until the OUT-COME of the DNA-RESULTS is known by the Court that **STOP** all Proceedings.

Also on Exhibit mark # E, WHY is it that ONE JUDGE NAME is MARK OFF and another JUDGE NAME is Stamp on and then Sign by that JUDGE ????.

Plaintiff, submitted C.P.L. 440.10, dated: July 18th, 2014, on the following:

A.) The COURT did NOT have JURISDICTION of the Action or the Person of the Defendant....

B.) The JUDGMENT was procured by duress, misrepresention or fraud on the part of the COURT or PROSECUTOR or a Person Acting for or in behalf of a COURT or a PROSECUTOR....

C.) Material Evidence adduced at a TRIAL resulting in the Judgment was FALSE and was, prior to the entry of the Judgment, known by the Prosecutor or by the Court to be "FALSE"...: With the following EXHIBIT'S INSUPPORT....

1.) GRAND JURY TRANSCRIPTS: Page's # 6 and # 7....
2.) N.Y.S. Criminal History Information....
3.) DNA-RESULTS....

There was more Exhibit's submitted as well and with all of the Law's and Constitutional Rights supporting Plaintiff's, Argument's, Issue's the Defendant Kenneth F. Case, did REFUSE to Up-Hold-Justice, and Deny the Plaintiff's, C.P.L. 440.10 as well.

Plaintiff, then move to the Appellate Division, Fourth Judicial Department, to get the JUSTICE that the Lower Court REFUSE to see to it being DONE.

Defendant, Erin M. Peradotto, on or about November 19th, 2014, Plaintiff, submitted C.P.L. 460.15, Leave to Appeal, and with all of the

(6)

Exhibit's, LAW'S Insupport on or about April 7th, 2015, it was DENY for it was stated as follow:

There is NO QUESTION of LAW or FACT which ought to be "REVIEWED" by this COURT, and permission to Appeal is hereby denied.......

See Exhibit mark # 7, Decision dated: April 7th, 2015, KA 15-00216.

The fact here above is that the COURT did NOT BOTHER to REVIEW the Plaintiff's, Document's, it did HELP to COVER-UP the "WORNG", did to the Plaintiff within the Lower Court the Corruption and Conspiracy still is going on at this time now within this Court as well.

On or about April 27th, 2015, Plaintiff, submitted: C.P.L.R. 5602 (A)(1)(i) for Leave to Appeal to the Court of Appeals it was DENY on or about May 27th, 2015, by who for there is NOT a JUSTICE NAME nor SING by ONE at the bottom of it.????

See Exhibit mark # g, Decision dated: May 27th, 2015, KA 15-00216

On or about June 19th, 2015, Plaintiff, submitted, Notice of Appeal and Affidavit Insupport, C.P.L.R. 5601 (B)(1)(2) Leave to Appeal to the Court of Appeals, and it was DENY by Defendant Jonathan Lippman, on or about August 21st, 2015.

See Exhibit mark # H, Order Dismissing Leave, dated: August 21 st, 2015....

With all of the FACT'S, DOCUMENT'S, LAW'S, STATUTE and EXHIBIT'S, submitted into the COURT of APPEALS. The CORRUPTION and CONSPIRACY now is and have Taken Place within this COURT with this Defendant Jonathan Lippman.

No One within the CRIMINAL SYSTEM with the KNOWLEDGE within the CRIMINAL LAW, know without DOUBT that the following "FACT" is "TRUE" without "DOUBT"....

SO IF "DNA", IS "USE" TO "CONVICT", THAN
"WHY" CAN'T IT "ACQUIT" WHEN IT IS

"NEGATIVE"

(7)

Plaintiff, Indictment was and is Founded upon "EVIDENCE" of "FALSE", "UNTRUE", "UNRELIABLE", "MISLEADING", "LIE'S" and "PERJURY" "TESTIMONY", and all of the above Defendant's, have "REFUSE" to Up-Hold-Justice and to SEE to it being "DONE".

There is NO DOUBT that within the Plaintiff's, case "CORRUPTION" and "CONSPIRACY" and "COVER-UP" has taken place through-out the Criminal System (COURT'S) from the Trial Court, to the Appellate Court, and then to the Court of Appeals.

Plaintiff, now move to the Attorney Grievance Committees,and file a Complaint against the Defendant Peter J. Marche, upon his action and Violation's of the Plaintiff, within Plaintiff's Criminal Case for allowing the "ILLEGAL INDICTMENT" to be Handed-Up on Plaintiff, and NOT HAVING IT "DISMISS".

Defendant Peter J. Marche, did response to the Complaint and in doing so he did state within his response the following: On or about January 9th, 2018, Page # One, I request that if there are additional allegation that I did not understand, and therefore do not address in the body of this letter, Please let me know and I will attempt to address them Direcyly.

Page # Four, I believe I have addressed all of his Complaint, However, If "I" have "MISSED" anything "PLEASE" fell free to CONTACT me and "I" will attempt to CLARIFY any additional "ISSUES".

Plaintiff, did Resubmitted a follow-up-Complaint dated: March 13th, 2018, and in doing so the Defendant Mark B. McNamara, RESPONSED to the Complaint (ANSWER) in the place of the Defendant Peter J. Marche.

Here the "COVER-UP for the "WRONG", "CORRUPTION" and "CONSPIRACY", STILL is in "PLAY". "HOW", can the Defendant Mark B. McNamara, (ANSWER) to a "COMPLAINT" that is in "FACT" for the Defendant Peter J. Marche, who had to "ANSWER" too that DEAL with the matter that CONCERN HIS "WRONG" DOING to the Plaintiff, only.

(8)

Plaintiff, made another move back in the Trial Court on or about June 27th, 2018, with a C.P.L. 440.10(A)(H) with Exhibit's, on the grounds of "ACTUAL INNOCENCE". Once again the Defendant Kenneth F. Case, DENY, Plaintiff's motion.

Plaintiff, last and next move into the Appellate Court, the Defendant Nancy E. Smith, on or about January 27th, 2019, Plaintiff submitted Notice of Application and Affidavit Insupport, C.P.L 460.15: Docket No: KA 19-00330, for Leave to Appeal.

See Exhibit mark # I, the above document dated: January 27th, 2019.

See Exhibit mark # J, Defendant Nancy E. Smith, Decision dated: May 13t h, 2019, see the following "WORD's: THERE IS NO QUESTION OF LAW OR FACT WHICH OUGHT TO BE REVIEWED BY THIS COURT, AND PERMISSION TO APPEAL IS HEREBY DENIED....

Now look at the Exhibit mark # F, the Decision of the Appellate Court dated: April 7th, 2015, here you have TWO DIFFERENCE JUSTICES, ONE made a Decision on April 7th, 2015, and the other ONE made a Decision no May 13th, 2019, a FOUR YEAR "DIFFERENCE", but look at the WORDING as follow:
THERE IS NO QUESTION OF LAW OR FACT WHICH OUGHT TO BE REVIEWED BY THIS COURT, AND PERMISSION TO APPEAL IS HEREBY DENIED....

How is it that TWO DIFFERENCE JUSTICES could come up with the SAME WORDING to DENY a matter that is CALLING for JUSTICE to be "DONE", and "SERVICE" ???????. There is NO QUESTION that CORRUPTION and CONSPIRACY, from the YEAR of 2011, though-out to the YEAR 2019, had been going on all of the EXHIBIT's, LAW's, DOCUMENT's, FACT's that Plaintiff, submitted in all of the above COURT's, MANIFEST that Plaintiff's "INDICTMENT" should have been "DISMISS" without any "QUESTION" that is the FACT'S.........

There is NO-ABSOLUTE-IMMUNITY-DEFENSE, for any of the above Defendant's, within this matter, Nor for anykind of a Summary Judgment. Under the Civil Laws of 42 U.S.C.A. 1983, 42 U.S.C.A. 1985, 18 U.S.C.A 241, 18 U.S.C.A 242, UNITED STATES CONSTITUTIONAL RIGHTS.

(9)

No Abiding JUSTICE, will allow any Summary Judgment to be made for any of the Defendant's, within this case "ESPECIALLY", that deal with and Involving the Rights of its Citizens of this Country.

Nor allow any Magistrate Judge, like Michael A. Telesca, and Hugh B. Scott, to beside over this matter. Do not allow this matter referred to the Undersigned Pursuant to 28 U.S.C. # 636 (b)(1)(C) to take place.

### Statute of Limitation for a 1983.

The accrual dated of a 1983, Claim is Governed by Federal Law, and it is the Standard Rule the accrual occure when a Plaintiff has a Complete and Present.

When the Plaintiff, has a Complete and Present CAUSE of ACTION, that is when the Plaintiff can FILE SUIT and OBTAIN RELIEF. This Action is within the Three Year Limitation and by LAW it MUCH MOVE FORWARD.

Executed on: Nov 19th, 20 19.

Respectfully Submitted

John W. Harris, Pro-se

cc: jwh...

Sworn to before me on this

19th, day of November, 20 19.

Notary Public...

KATHLEEN WRIGHT
Notary Public - State of New York
No. 01WR4526409
Qualified in Erie County
My Commission Expires Apr. 11, 2022

(10)

(cop')

RONALD AMMERMAN



*Exhibit #A*

Point 1 ~~clink and he ~~~~ ~~~~ and I tackled him~~ "

2 ~~Q.~~    ~~At the time he was going through the former~~

3 ~~~~~~~~~~ ~~~~~~~~~~was he still on the bike?~~

Point 4    A.    ~~He bailed off the bike. He took the bike~~ "

5 ~~through the majority of the yard, what used to be the yard~~

6    Q.    ~~Before or after observing him making the~~

7 ~~this ~~~ motion~~

8 " A.    ~~Before.~~ "

9    Q.    ~~And ~~~~~ ~~~ or ~~~~~~ he made the~~

10 ~~throwing motion?~~

Point 11  " A.    ~~Yes.~~ "

12    Q.    ~~~~~~~~~~~~~~~~~~~~~~was much~~    Point

13    A.    ~~No.~~

14    Q.    ~~What did you observe after he made the~~

15 ~~throwing motion~~

16    A.    ~~~~~~~~~~ ~~~ through the ~~~~~ ~~~~~ a~~ "

17 ~~metal on metal clink~~ "    Point

18    Q.    ~~When did you ~~~~~~~~~~

19    A.    ~~~~~~~~~~~~~~~~~~~~ they ~~~~ ~~~~~~~~~

20 ~~because he thought he had nothing to get caught with, and I~~

21 ~~tackled him ~~~~~~ "

Same Hurt Point
Seen

22    Q. Of me    I'm going to show you what's been marked    Exhibit

Picture of me

23    Grand Jury Exhibit 1, do you recognize that?

24    A.    Yes, that is John Harris, whose birth date is

offed A

25    7/27/1949.   I found that out because he had a previous

A Point

RONALD AMMERMAN

*[handwritten: with this one he Prejudice & the Grand Jury proceeding]*

1    conviction for a gun.

2         Q.    I'll instruct you, the previous record of the

3    defendant in this case is relevant as it relates to one of

4    the charges. *[redacted]*

*[handwritten right margin: ADA was to stop the proceed is at this point]*

5    *[redacted]*

6    *[redacted]*

7    *[redacted]*

8    *[redacted]*

9    *[redacted]*

10        A.    *[redacted]*

11        Q.    *[redacted]*

12    *[redacted]*   *[handwritten left margin: Point]*

13        A.    *[redacted]*

14        Q.    *[redacted]*

15    *[redacted]*

16    *[redacted]*

17        A.    *[redacted]*

18    *[redacted]*   *[handwritten left margin: Point]*

19    *[redacted]*

20        Q.    *[redacted]*

21        A.    *[redacted]*   *[handwritten: Lie  Hearsay]*

22    *[redacted]*   *[handwritten left margin: Bullshit]*

23    *[redacted]*

24        Q.    *[redacted]*

25    *[redacted]*

7

Kelley Brackett-Cory, Grand Jury Court Reporter



# County of Erie

### CHRIS COLLINS
COUNTY EXECUTIVE

## DEPARTMENT OF CENTRAL POLICE SERVICES

PETER M. VITO
COMMISSIONER

*Exhibit #B*

STATE OF NEW YORK                          SS.    CERTIFICATION
COUNTY OF ERIE

I, <u>Michelle Lillie</u>, Forensic Biologist II for the County of Erie,

Department of Central Police Services Forensic Laboratory, do hereby certify that the

annexed item is a true and correct copy of an original record of an Erie County

Department of Central Police Services Forensic Laboratory report, Lab Case

Number <u>11-05232</u>, dated <u>11/15/2011</u>.

    The original of this record is on file in the Erie County Department of Central Police
Services Forensic Laboratory.

       <u>m. Lillie</u>
       Forensic Biologist II

Sworn to before me this

<u>16th</u> day of <u>November, 2011</u>.

COMMISSIONER OF DEEDS
My Commission Expires ___<u>12/31/12</u>___

DEFENDANT'S EXHIBIT
B - 8
19/13 LC

COUNTY OF ERIE
DEPARTMENT OF
CENTRAL POLICE SERVICES
FORENSIC LABORATORY



45 ELM STREET, FOURTH FLOOR
BUFFALO, NEW YORK 14203-2600
PHONE: (716) 858-7409
FAX: (716) 858-7426

## ANALYSIS REPORT

SUBMITTING AGENCY: Buffalo Police Department

---

CASE NAMES:   John W Harris - Defendant

LAB NO.: 11-05232                           CASE NO.: 11-2200067
DATE RECEIVED: 8/9/2011                      REFERENCE NO: ECDA#01761-2011
DATE OF REPORT: 11/15/2011                   INV.OFFICER 1: R. Ammerman, M. Strobele

---

Report No. 3:

DNA was extracted from the swab of the handgun (Item #1.3), and the known buccal specimen from John Harris (Item #3). It was amplified using the polymerase chain reaction (PCR) and typed using capillary electrophoresis at the following genetic loci: D8S1179, D21S11, D7S820, CSF1PO, D3S1358, TH01, D13S317, D16S539, D2S1338, D19S433, vWA, TPOX, D18S51, Amelogenin, D5S818 and FGA.  The results are as follows:

| ITEM | Item #1.3 Swab of Handgun | Item #3 John Harris Buccal |
|---|---|---|
| D8S1179 | 12, 13, 14* | 12, 16 |
| D21S11 | 33.2* | 28, 30 |
| D7S820 | Neg. | 10, 10 |
| CSF1PO | Neg. | 8, 11 |
| D3S1358 | 14, 15, 16* | 16, 18 |
| TH01 | 9.3* | 7, 7 |
| D13S317 | 11, 12 | 11, 12 |
| D16S539 | Neg. | 11, 12 |
| D2S1338 | Neg. | 17, 24 |
| D19S433 | 13* | 13, 13 |
| vWA | 16, 17* | 16, 17 |
| TPOX | 8 | 8, 9 |
| D18S51 | Inc.* | 18, 19 |
| Amelogenin | X, Y | X, Y |
| D5S818 | 11, 12 | 10, 12 |
| FGA | Inc. | 19, 22 |

*= Additional activity detected.  However, it is outside laboratory criteria for inclusionary reporting.
Inc.=Inconclusive, no reportable results.   Neg.=Negative, no results.

Erie County Central Police Services Forensic Laboratory
Lab No.: 11-05232     Report No.: 3 Cont'd

Page 2 of 2

Conclusion:

Based on the PCR results above, the partial DNA profile obtained from the swab of the handgun (Item #1.3) is a mixture of DNA from at least two unknown individuals, including at least one male individual. A one-time search of the laboratory's Local DNA Databank was performed on the partial DNA profile obtained from the swab of the handgun (Item #1.3). No matching DNA profiles were found. The partial DNA profile is not suitable for entry into CODIS (DNA Databank). John Harris (Item #3) is excluded as a contributor to the genetic material in this specimen.

Additional known buccal specimens are required for further comparison.

The DNA profile obtained from the known buccal specimen from John Harris (Item #3) was entered into CODIS Local (Local DNA Databank).

Item #3 will be returned to the submitting agency. Item #1.3 and the DNA extracts will remain in laboratory custody.

I affirm that I conducted the analysis documented herein.

Michelle Lillie
Forensic Biologist II

Nov. 7. 2011 10:39AM




*N-37*
*HARRIS*

# OFFICE OF THE ERIE COUNTY DISTRICT ATTORNEY

### FRANK A. SEDITA, III
#### DISTRICT ATTORNEY

November 7, 2011

*Exhibit #C*

**VIA FAX NO. 836-4272**

RALPH MEGNA ESQ
12 CLEVELAND DR
CHEEKTOWAGA NY 14215

Re:   People v John Harris
ECDA File No. 01761-2011

Dear Mr. Megna:

As you know, I have been assigned to the above-captioned case. Please be advised pursuant to CPL 190.50 that during the week of November 14, 2011, the Erie County Grand Jury will hear testimony concerning this matter. In accordance with CPL 190.50, should your client wish to testify, please clearly state so, in writing, no later than November 14, 2011 so that I can make the necessary arrangements to receive his testimony. Mr. Harris must waive immunity should he wish to testify.

Subject to the approval of the District Attorney, Mr. Harris may execute a waiver of indictment, agree to be prosecuted by a Superior Court Information, and enter a plea of guilty to **Criminal Possession of a Weapon in the Second Degree, P.L. §265.03(3)** in satisfaction of this case. As conditions to this plea, the court's legal sentencing options will remain unlimited and your client must waive his right to appeal. The plea offer, if acceptable to all parties, will be brought before the Special Term Judge. This offer will expire on November 14, 2011 and it is unlikely that the District Attorney will consent to a plea to a reduced charge should the grand jury indict the defendant.

Please call me at 858-2416 should you have any questions.

Very truly yours,

FRANK A. SEDITA, III
DISTRICT ATTORNEY

BY:   PETER J. MARCHE
Assistant District Attorney
Special Victims Bureau

PJM/kb

25 DELAWARE AVENUE • BUFFALO, NEW YORK • 14202-3903 • (716) 858-2424 • FAX: (716) 858-7425 • www.erie.gov

95 MILLS ST, BUFFALO, NY
27 NAVEL ST, BUFFALO, NY
212 BOX ST, BUFFALO, NY
27 NAVEL AVENUE, BUFFALO, NY 14211
27 NAVEL ST, BUFFALO, NY 14211
543 RILEY ST, BUFFALO, NY
381 SWAN ST, BUFFALO, NY
503 SHERMAN, BUFFALO, NY
79 KRETTNER, BUFFALO, NY
86 GLENWOOD, BUFFALO, NY

*Exhibit #D* (handwritten)

| Sex: | Race: | Ethnicity: | SkinTone: |
|---|---|---|---|
| Male | Black | Not Hispanic/Unknown | Medium/Dark Brown/Dark |
| Eye Color: | Hair Color: | Height: | Weight: |
| Brown | Gray | 6' 00" | 150 |

SSN:
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  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  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
NYSID#:       FBI#:        NCIC Classification:
03486029M  414362K11   PO1614POPOPOPOPOPOPI
III status: Criminal record in NYS only

DEFENDANT'S EXHIBIT (stamp)
A - (handwritten)
1/9/13 (handwritten)

Alien Number:          Country of Deportation:

Country of Citizenship:    Deportation Date:
USA

US Citizen:

*The Indictment is not a "True Bill" Dismiss it in the NAME OF Justice* (handwritten)

## ⚙ Summary Information

Name:          JOHN W HARRIS    Total Arrests:      10
Date of Earliest Arrest: September 15, 1972   Date of Last Arrest: August 08, 2011

| Total Arrests Charges: | 21 |
|---|---|
| Felony: | 10 |
| Violent Felony: | 7 |
| Firearm: | 2 |
| Misdemeanor: | 11 |
| Other: | 0 |

| Total Convictions: | 7 |
|---|---|
| Felony: | 3 |
| Violent Felony: | 2 |
| Firearm: | 0 |
| Misdemeanor: | 2 |
| Other: | 2 |
| YO Adjudication(s): | 0 |

| Total Open Charges: | 7 |
|---|---|
| Felony Open Charges: | 3 |
| Open Misdemeanor(s): | 3 |
| Other Open Charges: | 1 |

*What now? A lie have been told to the Grand Jury, is Justice call Fun now? or will it be over looks Again?* (handwritten)

| Warrant Information: | | Revocation Counts: | | Miscellaneous: | |
|---|---|---|---|---|---|
| Failure to Appear Counts: | 0 | Probation: | 0 | Escape Charges: | 0 |
| Open Warrants: | 0 | Parole: | 2 | Sex Offender Convictions: | 0 |

---

## ⚙ NYS Criminal History Information

### ⚙ Cycle 14 ⚙
### Violent Felony Offense

Exhibit #E

At a Criminal Term of the Supreme Court, held in and
for the County of Erie, at the Courthouse in the City
of Buffalo, New York, on the 24th day of October,
2011.

PRESENT:   HON. M. WILLIAM BOLLER, J.S.C.

*HON. JOHN L. MICHALSKI, J.S.C.*
*Judge Presiding*

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

PEOPLE OF THE STATE OF NEW YORK,

                              **O R D E R**

                v

JOHN HARRIS,                                     ECDA File No. 01761-2011

                              Defendant

Pursuant to a motion brought by an Order to Show Cause granted by this Court on

the 24th day of October, 2011, made by FRANK A. SEDITA, III, District Attorney of Erie County,

PETER J. MARCHÉ, Assistant District Attorney of Counsel, which motion requested that an Order

of this Court be issued compelling defendant, JOHN HARRIS, to submit to the taking of a buccal

swab or a blood sample and for such other relief as may be just, proper and equitable, and said

motion having duly come before the Court for argument on the 18th day of October, 2011, and

counsel having appeared for the defendant in opposition to the motion and FRANK A. SEDITA, III,

District Attorney of Erie County, PETER J. MARCHÉ, Assistant District Attorney of Counsel,

appearing for the People in support of said motion, and argument having been heard by this Court,

and due deliberation having been given thereto, it is hereby,

ORDERED, that defendant, JOHN HARRIS, submit to the taking of a buccal swab

(oral swab) or, if a usable sample cannot be obtained, a blood sample.

HON. M. WILLIAM BOLLER, J.S.C.

*HON. JOHN L. MICHALSKI, J.S.C.*

GRANTED:   This 24 day of
                        October, 2011.

_____
                Court Clerk

## SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

KA 15-00216

$Exhibit \# F$

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

JOHN HARRIS, DEFENDANT-APPELLANT.

Indictment No.: 2011-01761

I, Erin M. Peradotto, Associate Justice of the Appellate Division, Fourth Judicial Department, do hereby certify that upon the motion of defendant for a certificate granting leave to appeal pursuant to CPL 460.15 from an order of the Erie County Court entered October 20, 2014, there is no question of law or fact which ought to be reviewed by this Court, and permission to appeal is hereby denied.

DATED: April 7, 2015

Hon. Erin M. Peradotto
Associate Justice

## SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

PRESENT: SCUDDER, P.J., SMITH, CENTRA, CARNI, AND LINDLEY, JJ.

---

KA 15-00216      Exhibit #G

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

JOHN HARRIS, DEFENDANT-APPELLANT.

Indictment No: 2011-01761

---

Defendant having moved for leave to appeal to the Court of Appeals from the order of this Court entered April 7, 2015, and for other relief,

Now, upon reading and filing the affidavit of John W. Harris sworn to April 27, 2015, the notice of motion with proof of service thereof, and due deliberation having been had thereon,

It is hereby ORDERED that the motion is denied.

Entered: May 27, 2015                         **FRANCES E. CAFARELL, Clerk**

# State of New York
# Court of Appeals



Exhibit #4

BEFORE:  HON. JONATHAN LIPPMAN, Chief Judge

---

THE PEOPLE OF THE STATE OF NEW YORK,

                              Respondent,

        -against-

JOHN HARRIS,

                     Appellant.

**ORDER
DISMISSING
LEAVE**

Ind. No. 2011-01761

---

    Appellant having applied for leave to appeal to this Court pursuant to Criminal Procedure Law (CPL) § 460.20 from an order in the above-captioned case;*

    UPON the papers filed and due deliberation, it is

    ORDERED that the application is dismissed because the order sought to be appealed from is not appealable under CPL 450.90 (1).

Dated:       AUG 2 1 2015

                                        Chief Judge

*Description of Order:  Order of the Appellate Division, Fourth Department, dated May 27, 2015, denying defendant's motion for leave to appeal to the Court of Appeals from an order of a Justice of the Appellate Division entered April 7, 2015.

**Exhibit # I**

SUPREME COURT STATE OF NEW YORK
APPELLATE DIVISION FOURTH DEPARTMENT
_____

People of the State of New York          *          Notice of Application

                         Respondent,     *                  to

                                         *          Appellate Division

-V-                                      *                 for

                                         *          Certificate Granting

John W. Harris                           *          Leave to Appeal

              Petitioner, Pro-se         *          C.P.L. 460.15, Ind. no: 01761-2011
_____

          PLEASE TAKE NOTICE, Petitioner will make application before the Honorable
Gerald J. Whalen, PJ. of the Supreme Court Appellate Fourth Department at his
chambers at 50 East avenue, suite 200, Rochester, New York on the _29 th_ day of
_April_ ,20 _19_ . in the forenoon of that day, for certificate Pursuant to
C.P.L 460.15, granting permission to Appeal and Certifying that the above entitled
cause involves questions of Laws and Facts ought to be reviewed by the Appellate
Division Fourth Department, and allowing an Appeal to the said Court from the Order
of the Erie County Court on the 4th, day of January, 2019, denying a Motion by the
Petitioner, made Pursuant to C.P.L. 440.10 (1)(A)(H) "FREESTANDING CLAIM OF ACTUAL
INNOCENCE", People v. Hamilton, 115 A.D. 3d 12 (2014). To vacate the Judgment and
each and every part of said Order.


Executed _1-27nd_ ,20 _19_ .


                                        Respectfully Submitted

cc: jwh.

                                        John W. Harris, Pro-se
     Donna A. Milling, esq.             Ind. no: 01761-2011
     Erie County District               DIN. no: 13 B 0140
     Attorney's Office
     25 Delaware avenue
     Buffalo, New York 14202

SUPREME COURT STATE OF NEW YORK
APPELLATE DIVISION FOURTH DEPARTMENT

| | | |
|---|---|---|
| People of the State of New York | * | Affidavit Insupport |
| Respondent, | * | of |
| | * | Application |
| | * | Appellate Division |
| -V- | * | for |
| | * | Certificate Granting |
| | * | Permission to Appeal |
| John W. Harris | * | C.P.L 460.15, Ind. no: 01761-2011 |
| Petitioner, Pro-se | * | |

STATE OF NEW YORK
COUNTY OF FRANKLIN

I John W. Harris, being duly sworn deposes say:

1.) Iam the Petitioner in the above entitled proceeding, and Iam familiar with all the FACTS and CIRCUMSTANCES herein.

2.) This Affidavit is submitted insupport of an Application Pursuant to New York Criminal Law Section (s) 450.15, 460.15, and to this Court Rules section 670.16 (e), for a Certificate Granting Permission to Appeal to this Court from an Order of the County Court Erie County, Honorable Kenneth F. Case. ccj. dated: January 4th, 2019, denying the Petitioner Motion to Vacate his Conviction upon COUNT ONE # 1, of said Indictment no: 01761-2011, dated: December 1st, 2011, as well to C.P.L. 440.10 (1)(A)(H) "FREESTANDING CLAIM OF ACTUAL INNOCENCE", People v. Hamilton, 115 A.D. 3d 12 (2014).

3.) This Application is brought on by ORDER to SHOW CAUSE under the Provisions of New York Criminal Procedure Law section 460.50 (1) bail pending appeal is not statutory authorized since Petitioner is incarcerated and serving his Prison Sentence, the delay occasioned by ordinary motion practice would be extremely predjudicial.

In the event that a Certificate were to Ordered Pursuant to New York C.P.L. section 460.15, the Petitioner will move this Court an Order ALLOWING EXPEDITED APPEAL.

4.) In accordance with the requiements of this Court Rule 670.16 (e) the following information is supplied.

A) The Applicant is John W. Harris, Franklin Correctional Facility, P.O. Box 10 Malone, New York 12953.

The People are represented by John J. Flynn, esq. District Attorney Erie County, Buffalo, New York.

(1)

B) The Erie County Indictment no: 01761-2011.

C) The question of LAW and FACT which it is claimed ought to be reviewed is whether the Trial Court had properly Denied a Motion to Vacate Judgment/Sentence and Dismissal of the Illegal Indictment no: 01761-2011, under New York Criminal Procedure Law section 440.10 (1)(A)(H) "FREESTANDING CLAIM OF ACTUAL INNOCENCE", People v. Hamilton, 115 A.D. 3d 12 (2014), and of Violation's of the United States Constitutional Rights amend's # 5 and # 14th.

Where Evidence Manifest that the Indictment is FOUNDED on COUNT ONE # 1, of said Indictment to be LEGALLY INSUFFICIENCY, FALSE, UNWORTHY of BELIEF, and do not support the CRIME CHARGE of CRIMINAL POSSESSION of a WEAPON in the SECOND DEGREE.

D) C.P.L. 190.30, GRAND JURY, RULES OF EVIDENCE........................

A REPORT or a COPY of a REPORT made by a PUBLIC SERVANT, concering the RESULTS of an EXAMINATION, COMPARISON or TEST-PERFORMED by him in connection with a CASE, WHICH IS THE SUBJECT OF A GRAND JURY PROCEEDING, may when Certified by such PERSON as a REPORT made by him or TRUE-COPY thereof, BE RECEIVED IN SUCH GRAND JURY PROCEEDING as "EVIDENCE" in the Petitioner, CASE the DNA-REPORT was NEVER TURN OVER to the ERIE COUNTY GRAND JURY, on or about November 21st, 2011, wherefore "MISLEADING" the GRAND JURY into BELIEVING the Petitioner, had "POSSESSION" of said "WEAPON".

In so doing Violating Petitioner's, Constitutional Rights to DUE PROCESS of LAW, amend's # 5 and # 14th, the Indictment no: 01761-2011 on COUNT ONE # 1, is ILLEGAL and there isn't NO QUESTION about that and the LAWS of New York State as well the United States Constitutional Rights, have NOT CHANGE before nor after time of Petitioner's, CASE was place before the Erie County Grand Jury and "JUSTICE" is still to be done and UP-HELD, in Petitioner's, CASE here on hand at this time now and once again.

PROCEDURAL HISTORY OF THIS CASE

COUNT ONE # 1, of said Indictment is FOUNDED upon the DNA-TESTING that was requested by the Petitioner, on or about September 14th, 2011 and said RESULTS came back as "NEGATIVE", in so doing MANIFESTING that Petitioner, did not have "POSSESSES OF SAID WEAPON, C.P.L. 265.03 (3). ( See EXHIBIT MARK: B, DNA-REPORT, dated: November 16th, 2011) (See also Notice of Motion and Affidavit Insupport, C.P.L. 440.10 (1)(A)(H) dated: June 27nd, 2018).

(2)

Petitioner, CASE was taken before the Erie County Grand Jury, on or about November 21st, 2011, on or about December 1st, 2011, Indictment was handed-up against Petitioner (See EXHIBIT MARK: A, Grand Jury Indictment no: 01761-2011).

(See also Notice of Motion and Affidavit Insupport, C.P.L. 440.10 (1)(A)(H) dated: June 27nd, 2018).

Petitioner, was Arraigned upon said ILLegal Indictment no: 01761-2011, on or about December 7nd, 2011. (See EXHIBIT MARK: C, Arraignment Cover-page and page # 2). (See also Notice of Motion and Affidavit Insupport, C.P.L. 440.10 (1)(A)(H), dated: June 27nd, 2018).

See also Enclosed Petitioner's Opposing Affidavit Pursuant to C.P.L. 440.10 (1)(A)(H), dated: September 12th, 2018, along with Assistant District Attorney's David A. Heraty, esq. appearing of Counsel to John J. Flynn, esq. District Attorney of Erie County, on behalf of the People of the State of New York (See Enclosed Opposing Affidavit, dated: September 6th, 2018).

Since Asst. D.A. Heraty, esq. put within his Opposing Affidavit, dated: September 6th, 2018, Petitioner's, C.P.L. 440.10 (1)(A)(B)(C)(D)(H) dated: July 18th, 2014, (See Enclosed Notice of Motion, and Affidavit Insupport to C.P.L. 440.10 (1)(A)(B)(C)(D)(H), dated: July 18th, 2014).

As you will see on Page # 4, Argument as to the DNA-RESULTS as being "NEGATIVE" also on Page # 4 and # 5, PENAL LAW # 10.00 (8) STATUTE as to POSSESSION. Also more argument to the DNA-TESTING OUT-COME. Also Page # 6, all of which was ENOUGH to DISMISS the ILLEGAL INDICTMENT with the RELEVANT EVIDENCE to SUPPORT the ISSUE'S.

Also you will see and read with Petitioner's, Affidavit dated: July 18th, 2014, where argument is on the FACT that the PEOPLE FIRST WITNESS to take the stand One Buffalo Police Officer, came RIGHT-OUT, and did "PERJURY" himself, and the Asst. D.A. did SUPPORT it (See Enclosed Page's # 6 and # 7 of the Transcripts and Petitioner's, N.Y.S. Criminal History Information, dated: August 8th, 2011).

In the Petitioner's, CASE there is a GREAT DEAL of COVER-UP to CORRUPTION, and CONSPIRACY and NO "JUSTICE" being DONE (See Enclosed the DECISION and ORDER, of the County Court: County of Erie, dated: January 4th, 2019). Here the LOWER COURT has REFUSE to UP-HOLD the "RULING" of the SUPREME COURT within People v. Hamilton, 115 A.D. 3d 12 (2014). a FREESTANDING CLAIM of ACTUAL INNOCENCE, is ROOTED in Several

different concepts including the Constitutional Rights to Substantive and Pro-
cedural DUE PROCESS, and the Constitutional Right not to be SUBJECTED to CRUEL and
UNUSUAL PUNISHMENT (See generally Jonathan M. Kirshbaum, ACTUAL INNOCENCE after
Friedman v. Rehal: The Second Circuit a New Mechanism for SEEKING JUSTICE in ACTUAL
INNOCENCE CASES.

   31 Pace L. rev. 627, 660-627 (Spring 2011); People v. Cole, 1 Misc. 3d 531,
541-542, 765 N.Y.S.2d 477)

   See People v. Hamilton, 115 A.D. 3d 12 (2014) Key's # 5, # 6, # 10, # 11, # 12,
# 13 # 15, and # 16.

   However, the Hamilton, COURT has RULED that it is abhorrent to OUR SENSE of
"JUSTICE" and FAIR PLAY to countenance the Possibility that SOMEONE INNOCENT of a
CRIME which He or She did NOT COMMIT (People v. Tankleff, 49 A.D. 3d at 177, 848
N.Y.S.2d 286). FURTHER, A FREESTANDING CLAIM OF ACTUAL INNOCENCE HAS BEEN RECOGNIZED
BY NEW YORK COURTS ON THE TRIAL LEVEL (See e.g. People v. Carway, 36 Misc. 3d 1224
(A), 2012 WL 3156442, 2009 N.Y. Slip Op. 51466 (U) Sup. Ct., Kings County; People v.
Bermudez, 25 Misc. 3d 1226 (A), 2009 WL 3823270, 2009 N.Y. Slip Op. 52302 (U); People
v. Bryant, 25 Misc. 3d 1206 (A), 2009 WL 3134841, People v. Wheeler-Whichard, 25 Misc.
3d 690, 884 N.Y.S.2d 394; People v. Cole, 1 Misc. 351, 765 N.Y.S.2d 477; Friedman v.
Rehal, 618 F.3d at 159).

   Thus, we conclude that a FREESTANDING CLAIM OF ACTUAL INNOCENCE may be ADDRE-
SSED PURSUANT to C.P.L. 440.10 (1)(H), which provides for vacating a JUDGMENT which
was OBTAINED in VIOLATION of an ACCUSED'S CONSTITUTIONAL RIGHTS (See People v. Carway,
36 Misc. 3d 1224 (A), 2012 WL 3156442. 2012 N.Y. Slip Op. 51466 (U); People v. Wheeler-
Whichard, 25 Misc. 3d at 702, 884 N.Y.S.2d 304).

   Petitioner, has made a "PRIMA FACIE SHOWING" of ACTUAL INNOCENCE is made out
when there is "SUFFICIENT SHOWING OF POSSIBLE MERIT TO WARRANT A FULLER EXPLORATION"
by the Court through-out Petitioner's moving paper's here in that was before the
LOWER COURT has DONE so and NO "JUSTICE" have been UP-HELD as of YET. According, there
should be an APPEAL/HEARING on Petitioner's CLAIM OF ACTUAL INNOCENCE.

   WHEREFORE, for the foregoing reason it is respectfully submitted that the
Petitioner's APPLICATION for CERTIFICATE GRANTING LEAVE to Appeal by Granting in all
respects.

Upon the finding of CRIM. PRO. LAW 440.10 (1)(A)(H) as well CONSTITUTIONAL LAWS and EXHIBIT'S here Enclosed.

Executed on: _1-27ⁿᵈ_,20_19_.

Respectfully Submitted

John W. Harris, Pro-se
Ind. no: 01761-2011
DIN. no: 13 B 0140

cc: jwh.

    John J. Flynn, esq.
    Erie County District Attorney's Office
    Donna A. Milling, esq. Asst. District Attorney
    25 Delaware avenue
    Buffalo, New York 14202

SWORN TO BEFORE ME ON

this _27ᵗʰ_,day of

_January_ ,20 _19_.

Notary Public......

COMMISSION EXPIRES JUNE 02,20 _27_

(5)

SUPREME COURT OF THE STATE OF NEW YORK

𝔄ppellate 𝔇ibision, 𝔉ourth 𝔍udicial 𝔇epartment

**KA 19-00330**

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

JOHN W. HARRIS, DEFENDANT-APPELLANT.

Indictment No: 01761-2011

*Exhibit #J*

I, Nancy E. Smith, Senior Associate Justice of the Appellate Division, Fourth Judicial Department, do hereby certify that upon the motion of defendant for a certificate granting leave to appeal pursuant to CPL 460.15 from an order of the Erie County Court dated January 4, 2019, there is no question of law or fact which ought to be reviewed by this Court, and permission to appeal is hereby denied.

DATED: May 13, 2019

Nancy E. Smith

Hon. Nancy E. Smith
Senior Associate Justice

JS 44 (Rev. 06/17)

CIVIL COVER SHEET

19   CV1569

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| John W. Harris County of Erie | Ronald Ammerman County of Erie |

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Plaintiff, Pro-se

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government Plaintiff
- ☒ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government Defendant
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & / ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander / Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' / Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability / ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| Student Loans (Excludes Veterans) | ☐ 340 Marine / Injury Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle / ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | Product Liability / ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 360 Other Personal / ☐ 380 Other Personal | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | Injury / Property Damage | Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury - / ☐ 385 Property Damage | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| | Medical Malpractice / Product Liability | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate | | | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ / Sentence | | | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations / ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | Other / ☐ 550 Civil Rights | | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - | | | |
| | / Conditions of | | | |
| | / Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1   Original Proceeding
- ☐ 2   Removed from State Court
- ☐ 3   Remanded from Appellate Court
- ☐ 4   Reinstated or Reopened
- ☐ 5   Transferred from Another District *(specify)*
- ☐ 6   Multidistrict Litigation - Transfer
- ☐ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. 1983, 42 U.S.C.A. 1985

Brief description of cause:
Conspiracy, Corruption, DUE PROCESS of LAW Violation's

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 1,000,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____