UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHN W. HARRIS,

       Plaintiff,

    v.

RONALD AMMERMAN, *et al.*,

       Defendants.

              19-CV-1569-LJV-LGF
              DECISION & ORDER

---

On November 19, 2019, the *pro se* plaintiff, John W. Harris, commenced this action under 42 U.S.C. § 1983, alleging violations of his Fifth, Eighth, Thirteenth, and Fourteenth Amendment rights.[1]  Docket Item 1.  On April 2, 2020, this Court referred this case to United States Magistrate Judge Leslie G. Foschio for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B).  Docket Item 15.  In the meantime, defendant Peter J. Marche and defendants Kenneth F. Case, Erin M. Peradotto, and Nancy E. Smith moved to dismiss the complaint on March 9 and April 1, 2020, respectively.  *See* Docket Items 9 and 14.  Harris responded to the first motion to dismiss on March 16 and 18, 2020, *see* Docket Items 12 and 13, and to the second motion to dismiss on April 16, 2020, *see* Docket Item 17.  On November 5, 2020, Harris filed a letter in opposition. Docket Item 25.  Harris filed additional letters on October 12, 2021, and November 8, 2021.  Docket Items 26, 28, 29.  No defendant replied.

---

[1] Harris also asserted claims under 18 U.S.C. §§ 241 and 242 and 42 U.S.C. §§ 1981, 1985, and 1986.  Docket Item 1 at 5.

On March 18, 2022, Judge Foschio issued a Report and Recommendation and Decision and Order (collectively, "R&R") finding that the defendants' motions to dismiss should be granted.  Docket Item 32.  The parties did not object to the R&R, and the time to do so now has expired.[2]  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Foschio's R&R as well as the parties' submissions to him.  Based on that review and the absence of any objections, the Court accepts and adopts Judge Foschio's recommendation to dismiss Harris's claims against defendants Marche, Case, Peradotto, and Smith.  And while a *pro se* complaint generally should not be dismissed without granting leave to amend unless repleading would be "futile," "[t]he problem with [Harris's] causes of action is substantive[, and] better pleading will not cure it."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).  Harris's claims against defendants Marche, Case, Peradotto, and Smith therefore are dismissed without leave to amend.

---

[2] Copies of the RR&O were mailed to Harris at two addresses.  *See* Docket Item 32.  One mailing was returned as undeliverable, *see* Docket Item 33, the other presumably was delivered.

Harris also named Ronald Ammerman, Jonathan Lippman, and Mark R. McNamara as defendants in the case.  *See* Docket Item 1 at 1.  Those defendants were never served with the complaint.  *See* Docket Item 18 (noting summonses returned as unexecuted).  On January 13, 2020, this Court granted Harris's motion for service by the United States Marshals Service.  Docket Item 3.  In that order, this Court specifically advised Harris "that he must effect service within 90 days of the date of the date the summons is issued" and noted that "[i]t is Harris's responsibility to inquire of the Marshals . . . as to whether service has been made and, if necessary, to request an extension of time for service."  *Id.* at 2.  This Court further warned Harris that if he did not effect service or ask for an extension of time to do so within 90 days, the Court "may dismiss this action . . . under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure."  *Id.*

The time to effect service has long since elapsed, and Harris has neither served the remaining defendants nor requested an extension of time to do so.  But because "[t]he failure of the U.S. Marshals Service to properly effect service of process constitutes 'good cause' for failure to effect timely service[] within the meaning of Federal Rule of Civil Procedure 4(m)," *see Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013), the Court extends the time to serve the remaining defendants for another 90 days.  *See* Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure[] [to effect service,] the court must extend the time for service for an appropriate period.").  If Harris does not effect service within 90 days or request an extension of time to do so, his complaint will be dismissed and the case will be closed without further order.

For the reasons stated above and in the R&R, the defendants' motions to dismiss, Docket Items 9 and 14, are GRANTED.  Harris must serve the remaining defendants **within 90 days of the date of this order.**  If Harris does not effect service or request an extension of time to do so within 90 days, the Clerk of the Court shall close the case without further order.


        SO ORDERED.

Dated:        April 18, 2022
              Buffalo, New York


                                    /s/ Lawrence J. Vilardo
                                    LAWRENCE J. VILARDO
                                    UNITED STATES DISTRICT JUDGE